1
2
3
4
5
6
7
8        **UNITED STATES DISTRICT COURT**
9        **SOUTHERN DISTRICT OF CALIFORNIA**
10

11   STEPHEN J. DONELL, Permanent              CASE NO. 10CV2577-LAB (CAB)
     Receiver for Learn Waterhouse, Inc., its
12   subsidiaries and affiliates,              **ORDER RE: ENTRY OF**
                                               **DEFAULT;**
13                             Plaintiff,
                                               **AND ORDER RE: DISMISSAL**
14        vs.

15   DAVID TREADWELL,

16                             Defendant.

17

18        Plaintiff Stephen Donell requested the Clerk to enter a default against the Defendant

19   David Treadwell for failing to respond or appear. Under Fed. R. Civ. P. 55(a), "[w]hen a party

20   against whom a judgment for affirmative relief is sought has failed to plead or otherwise

21   defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's

22   default." The Clerk then entered a default against Treadwell.

23        Donell claimed that Treadwell was served with process as provided by Cal. Civ. Proc.

24   Code § 415.40.  *See* Fed. R. Civ. P. 4(e) (permitting service as provided under state law).

25   In his request for default, Donell attached Exhibit A, showing that he sent the summons by

26   certified mail, which is permitted under § 415.40. *Pathak v. Omaha Steaks Int'l, Inc.*, 2011

27   WL 1152656 at *1 (C.D.Cal., March 28, 2011); *Standard Microsystems Corp. v. Winbond*

28   *Electronics Corp.*, 179 Cal.App.4th 868, 897 (2009).  Under § 415.40, however, proof of

service must include "evidence satisfactory to the court establishing actual delivery to the person to be served, by a signed return receipt or other evidence."

Donell attached a return receipt that was filled out, but not stamped as delivered, signed, or dated with the delivery date.  He has presented no evidence to show that a return receipt was requested at the time of mailing, that the Defendant actually received process papers, or that the return receipt was mailed back to him after the letter was received.

Rule 4(e) also permits service in accordance with the state law where service is made, in this case Florida. Under Florida Rule of Civil Procedure 1.070, service shall be "dispatched by certified mail, return receipt requested." Donell fares no better under this provision, and Florida law holds that "statutes governing service of process are to be strictly construed to insure that a defendant receives notice of the proceedings. The burden of proving the validity of service of process is on the plaintiff." *Carter v. Lil' Joe Records, Inc.*, 829 So.2d 953, 954, Fla.App. 4 Dist. (2002).

Because Donell failed to provide adequate proof of service, the entry of default is **VACATED**.

On June 7, the Court ordered Donell to show cause why this action should not be dismissed for failure to serve or for failure to prosecute.  Donell filed a response asserting Defendant had been served, and he is now prepared to prosecute this action.  In view of the vacatur of the entry of default, it is unclear whether Donell will prosecute this action as promised.  Donell is therefore **ORDERED** to file adequate proof of service no later than **Wednesday, July 13, 2011**, and then to renew his request for entry of default.  If he does not do so, this action will be dismissed for failure to serve and for failure to prosecute.

**IT IS SO ORDERED**.

DATED:  July 1, 2011

**HONORABLE LARRY ALAN BURNS**
United States District Judge